UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHANIE WALLACE | CIVIL ACTION |
| VERSUS | NO. 22-953-SDD-SDJ |
| ALLSTATE INDEMNITY COMPANY | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 15, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHANIE WALLACE                                              CIVIL ACTION

VERSUS                                                                      NO. 22-953-SDD-SDJ

ALLSTATE INDEMNITY COMPANY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The Complaint in this matter was filed on December 5, 2022. (R. Doc. 1). On March 28, 2023, R. William Huye, III, attorney for Plaintiff, filed a Motion to Withdraw as Attorney "on the grounds that the Louisiana Supreme Court issued an Order, which was effective immediately, suspending [Huye] from the practice of law on an interim basis, pending further orders of the Louisiana Supreme Court." (R. Doc. 5). Accordingly, the Court issued an Order granting the Motion to Withdraw. (R. Doc. 6). On March 29, 2023, the Court entered an Order staying and administratively closing this matter for a period of 60 days. (R. Doc. 7). Plaintiff's remaining attorneys Claude F. Reynaud, Cameron Sean Snowden, and Grant P. Gardiner filed their own motions to withdraw that were granted on May 22, 2023. (R. Doc. 13). The Court extended the previous stay through July 5, 2023, "[i]n order to provide sufficient time for plaintiffs to obtain new representation or otherwise decide how to proceed". (R. Doc. 17).

On August 23, 2023, the Court entered an Order setting a telephone conference for October 3, 2023, and instructing Plaintiff "to participate unless new counsel seeks to enroll prior to the conference." (R. Doc. 21). This Order was sent to Plaintiff at her last known address.[1] On October

---

[1] Plaintiff's address was alleged in the Complaint. (R. Doc. 1 at 1).

3, 2023, no attorney was enrolled for Plaintiff, and the parties failed to participate in the telephone conference. (R. Doc. 22). Thus, the Court issued an Order directing the parties to appear in person on November 1, 2023, to "show cause why this case should not be dismissed for failure to comply with an order of the Court". (R. Doc. 22). The Order also gave notice to Plaintiff that failure to appear would "result in the recommendation of sanctions, including dismissal, for failure to prosecute and failure to comply with Court orders".

Plaintiff failed to appear at the show cause hearing on November 1, 2023. (R. Doc. 25). No counsel has enrolled on Plaintiff's behalf. Plaintiff has provided no other response to the Court's orders.

Dismissal of this matter is warranted under Fed. Rules Civ. P. 16 and 37. Under Rule 16, a court "may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement." If a party or its attorney "fails to appear at a … pretrial conference", a court may issue on its own motion "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)". Fed. R. Civ. P. 16(f). As one of the available sanctions under those subsections of Rule 37 is "dismissing the action or proceeding in whole or in part", the instant matter may be dismissed for Plaintiff's failure to appear at a pretrial conference.

As a practical matter, the case cannot proceed against Defendants if Plaintiff does not prosecute it or respond to the Court's orders regarding disposition of the case. Plaintiff's failure to prosecute effectively deprives Defendants of the opportunity to defend themselves from the allegations made against them.

Although not directly applicable under the instant circumstances,[2] Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff should be afforded the same 14 day period to advise the Court if she wishes to proceed with her case. The timeframe to submit objections to this Report and Recommendation will allow such time.

Therefore, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED without prejudice** pursuant to Fed. Rules Civ. P. 16 and 37.

Signed in Baton Rouge, Louisiana, on April 15, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The instant matter is not being dismissed per Local Rule 42(b)(1), but rather per the Federal Rules as discussed above.